

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-16-2009

# Dotzel v. Ashbridge

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-4612

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"Dotzel v. Ashbridge" (2009). *2009 Decisions*. Paper 2018.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/2018

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———

No. 07-4612

———

NORBERT J. DOTZEL, JR.
d/b/a Dotzel Trucking;
JOANNE DOTZEL,
d/b/a Dotzel Trucking,

Appellants

v.

ERNEST ASHBRIDGE; JOHN R. BOWER; DARREN CRISPIN;
SALEM TOWNSHIP

———

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 03-cv-01418)
District Judge: Hon. James M. Munley

———

Submitted Under Third Circuit LAR 34.1(a)
January 12, 2009

Before: SLOVITER and BARRY, Circuit Judges,
and POLLAK[*], District Judge

(Filed January 16, 2009)

———

[*] Hon. Louis H. Pollak, Senior Judge, United States District Court for the Eastern District of Pennsylvania, sitting by designation.

OPINION


SLOVITER, Circuit Judge.

In this zoning dispute, plaintiffs Norbert and Joanne Dotzel appeal the District

Court's dismissal of their First Amendment claim and grant of summary judgment in

favor of Salem Township and three members of the Township Board of Supervisors on

their substantive due process claim.

## I.    Background

Dotzel purchased a thirty-four acre parcel in the Township for the purpose of

operating a quarry or soil removal project on the property. "Extraction, excavation and/or

removal of natural resources" requires a conditional use permit under the Township

Zoning Ordinance, App. at 46a, and Dotzel filed a petition seeking such a conditional use

permit. The Township Planning Commission reviewed Dotzel's application at a public

meeting and approved the conditional use permit subject to three limited exceptions.

However, after a public hearing on Dotzel's application, the Board of Supervisors voted

to deny conditional use approval and issued its written decision. The Board found that

the testimony and evidence Dotzel presented at the hearing did not meet the requirements

of the general standards provision, Section 604 of the Township Zoning Ordinance,

which is used in review of conditional use applications. In applying the general

standards, the Board concluded that the use would "jeopardize the community

2

development objectives of the ordinance;" the streets were inadequate for the heavy trucks; it was not harmonious with the residential neighborhood; Dotzel did not "adequately address the effect . . . on the development and value of adjacent property;" and Dotzel failed to prove that it would "not be more objectionable in terms of noise, fumes, and vibration than would the operations of any permitted use. . . ." App. at 43a-44a. Dotzel appealed this decision to the Luzerne County Court of Common Pleas, which sustained Dotzel's appeal and reversed the Board's decision.

Dotzel then filed this complaint against the Township and the Board members pursuant to 42 U.S.C. § 1983, alleging that the denial of his conditional use application violated his Fourteenth Amendment substantive and procedural due process rights as well as his First Amendment rights. The District Court dismissed Dotzel's procedural due process and First Amendment claims.[1] Thereafter, the Court granted the defendants' motion for summary judgment on Dotzel's remaining claim for the substantive due process violation. The Court found that although Dotzel had a property interest because he would have obtained the permit but for the allegedly improper actions of the Board, there was no evidence that the Board members' actions in denying the permit were

---

[1] On appeal, this court reversed the District Court's denial of the motion to dismiss the claims against the Board members in their individual capacities, holding that they were acting in a quasi-judicial capacity and thus were absolutely immune from suit in their individual capacities. Dotzel v. Ashbridge, 438 F.3d 320, 327 (3d Cir. 2006).

"conscience-shocking."

## II.    Discussion

Our review over a District Court's grant of both summary judgment and a motion to dismiss is plenary. See Eichenlaub v. Township of Indiana, 385 F.3d 274, 279 (3d Cir. 2004); Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997). Summary judgment is proper if the moving party demonstrates "that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); Eichenlaub, 385 F.3d at 279. When considering a Rule 12(b)(6) motion, we must "accept as true all allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." Morse, 132 F.3d at 906. "A Rule 12(b)(6) motion should be granted if it appears to a certainty that no relief could be granted under any set of facts which could be proved." Id. (internal quotations omitted).

### A.    Substantive Due Process

Dotzel argues that the District Court erred in finding that the Board members' conduct in denying the conditional use permit did not "shock the conscience" as a matter of law. We utilize the "shocks the conscience" test set forth in County of Sacramento v. Lewis, 523 U.S. 833 (1998), to determine whether land-use decisions violate substantive due process. United Artists Theatre Circuit, Inc. v. Township of Warrington, 316 F.3d

4

392, 401 (3d Cir. 2003).  In finding that Lewis superseded our prior decisions using an "improper motive" standard, we explained that the "shocks the conscience" test is a more demanding standard in that it "encompasses 'only the most egregious official conduct.'" United Artists, 316 F.3d at 400 (quoting Lewis, 523 U.S. at 846).

In the land-use context, the "shocks the conscience" test "prevents us from being cast in the role of a 'zoning board of appeals.'"  Id. at 402 (quoting Creative Environments, Inc. v. Estabrook, 680 F.2d 822, 833 (1st Cir. 1982)).  We have recognized that "every appeal by a disappointed developer from an adverse ruling of the local planning board involves some claim of abuse of legal authority," but "[l]and-use decisions are matters of local concern, and such disputes should not be transformed into substantive due process claims based only on allegations that government officials acted with 'improper' motives."  United Artists, 316 F.3d at 402.  In Eichenlaub, we contrasted the type of egregious official misconduct in a land-use decision that could "shock the conscience" with misconduct that "does not rise sufficiently above that at issue in a normal zoning dispute to pass the 'shocks the conscience test.'"  385 F.3d at 286.  To "shock the conscience," the alleged misconduct must involve "more than just disagreement about conventional zoning or planning rules" and rise to the level of self-dealing, an unconstitutional "taking," or interference with otherwise constitutionally protected activity on the property.  Id. at 285-86.

The Board members' alleged misconduct in denying Dotzel's conditional use

permit involves the type of complaints that routinely arise in land-use disputes and is insufficient to "shock the conscience." The Supervisors testified as to their reasons for the votes. Supervisor Ernest Ashbridge cited Dotzel's failure to meet the five standards required for a variance; Chairman Darren Crispin cited the impact of the operation on the roads, and Supervisor John Bower cited his concerns about the effect of noise and dust on local residents and their complaints. Dotzel alleges that the Supervisors improperly applied the zoning ordinances and criteria for granting a conditional use permit. Dotzel argues that Supervisor Ashbridge relied on inapplicable standards despite the Township attorney's advice that they did not apply. Dotzel argues that Supervisor Bower's deposition testimony that "I voted my heart," based on concerns about the impact of the project on neighbors, and Supervisor Crispin's stated concerns about road conditions and reduced property values were not valid criteria or based on evidence from an environmental impact report. Dotzel also argues that the Township was attempting to regulate his planned quarry, which is preempted by state law. These arguments are mere disagreements about the zoning rules and do not "shock the conscience." See Eichenlaub, 385 F.3d at 285.

There is no evidence that the supervisors' conduct involved self-dealing or interfered with constitutionally protected activity. Dotzel alleges that Supervisor Bower's statement that "I voted my heart" betrays improper motive, because his brother obtains materials from a quarry on the adjacent property that would be in competition with

6

Dotzel's. This argument, which could be construed as an accusation of self-dealing, is entirely unsupported. Dotzel's brother does not actually operate a potentially competing quarry on the adjacent property. Rather, he obtains construction materials from the quarry. The property owner has no objection to Dotzel's plans. There is no evidence that Bower voted to deny the permit in order to benefit his brother and, as the District Court pointed out, if the decision were to have any effect on his brother, a competing quarry would be more likely to benefit rather than harm his interests. Although Dotzel's appeal of the Board's decision was sustained in state court, that order contained no finding as to any particular error by the Board members and it does not supply a basis for turning this state law dispute into a constitutional claim. In sum, Dotzel's allegations are insufficient to raise a genuine issue of material fact as to whether the Supervisors' conduct "shocked the conscience."

### B. First Amendment

Dotzel has asserted a claim for violation of his First Amendment freedom of association rights. Dotzel argues that his permit was denied in retaliation for his non-association with Supervisor Bower's brother who operates a quarry that would be in competition with Dotzel's proposed quarry. As we noted above, Bower's brother does not operate a quarry. Moreover, Dotzel's First Amendment retaliation claim is without merit. The First Amendment protects only the right to associate for the purpose of engaging in activities protected by the First Amendment – speech, assembly, the right to

7

petition, and free exercise of religion.  <u>Roberts v. United States Jaycees</u>, 468 U.S. 609, 618 (1984).

Dotzel has not asserted that his choice not to associate with Bower's brother is connected to any expressive activity that the First Amendment protects.  Dotzel has thus failed to state a First Amendment claim because he has not engaged in protected "expressive association."  <u>See</u> <u>Pi Lambda Phi Fraternity, Inc. v. University of Pittsburgh</u>, 229 F.3d 435, 442 (3d Cir. 2000).

**III.    Conclusion**

For the reasons set forth, we will affirm the judgment of the District Court.